IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER VILLALVAZO MUNDO,<br><br>　　　　Petitioner,<br><br>　v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>　　　　Respondents.<br>_____/ | No. C-07-2145 MMC<br><br>**ORDER GRANTING MOTION TO REMAND; VACATING HEARING**<br><br>(Docket No. 6) |

　　　　Before the Court is respondents' motion, filed June 27, 2007, to remand the instant matter to the Department of Homeland Security ("DHS"), United States Citizenship and Immigration Services ("USCIS"), with instructions to adjudicate petitioner's application for naturalization after termination of petitioner's removal proceedings. Petitioner has filed opposition to the motion; respondents have filed a reply. Having considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for resolution without oral argument, see Civil L.R. 7-1(b), hereby VACATES the July 27, 2007 hearing, and rules as follows.

　　　　On September 9, 2005, petitioner was indicted in the United States District Court for the District of Oregon and charged with possession of methamphetamine with intent to distribute. (See Deiss Decl. Ex. B.) Approximately six week later, on October 22, 2005, petitioner filed an application for naturalization. (See id. Ex. A.) On February 2, 2007,

petitioner pleaded guilty to the charge of possession of methamphetamine with intent to distribute, and was sentenced to a term of imprisonment of sixty months. (See Deiss Decl. Ex. C.) On February 14, 2007, removal proceedings were initiated against petitioner. (See id. Ex. D.)

In the instant action, petitioner seeks a hearing in this Court on the merits of his application for naturalization, on the ground that USCIS has failed to timely adjudicate such application. Petitioner alleges that although his naturalization examination was conducted on March 10, 2006, USCIS, to date, has failed to adjudicate his application. (See Pet. at 4.)

Where the USCIS fails to adjudicate an application for naturalization within 120 days after having conducted a naturalization examination, "the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter." See 8 U.S.C. § 1447(b). "Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." See id. Thus, § 1447(b) "bestows on the district court the power to pursue either of two options." See United States v. Hovsepian, 359 F.3d 1144, 1160 (9th Cir. 2004). "The first option is to 'determine the matter.'" See id. The second option is "to 'remand the matter' with instructions that, presumably, the [DHS][1] is required to heed." See id.

As respondents point out, respondents are precluded from adjudicating petitioner's naturalization petition while removal proceedings are pending against him. See 8 U.S.C. § 1429 (providing "no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding"). "The natural reading of this statute is that removal proceedings and final removal orders are to take precedence over naturalization applications." Perdomo-Padilla v. Ashcroft, 333 F.3d 964, 970 (9th Cir. 2003). Although § 1429 does not apply to the district courts, see De Lara

---

[1] Authority over naturalization was transferred to the DHS on March 1, 2003. See De Lara Bellajaro v. Schiltgen, 378 F.3d 1042, 1043 n.1 (9th Cir. 2004).

2

1  Bellajaro, 378 F.3d at 1046 (observing "[t]here is no hint in the language of § 1429 that it
2  also applies to the courts"), this Court, in light of the legislative intent as set forth in § 1429,
3  declines to exercise its discretion to consider petitioner's naturalization application in the
4  first instance.  See, e.g., Zhai v. USCIS, 2004 WL 1960195 at *4 (N.D. Cal. Sept. 3, 2004)
5  ("[T]he Court is of the view that, in light of the clear legislative intent as set forth in § 1429, it
6  should not, in the instant case, exercise its discretion to 'determine the matter.'").
7       Accordingly, respondent's motion to remand is hereby GRANTED, and the instant
8  matter is hereby REMANDED to the Department of Homeland Security, United States
9  Citizenship and Immigration Services, with instructions to adjudicate petitioner's application
10 after the conclusion of petitioner's removal proceedings.
11      The Clerk shall close the file.
12      **IT IS SO ORDERED.**
13 Dated: July 23, 2007
14                                               MAXINE M. CHESNEY
                                              United States District Judge